PAUL WARNER, United States Attorney (#3389)
KARIN FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, Suite 400
Salt Lake city, Utah 84111-1506
Telephone: (801) 524-5682
Facsimile: (801) 524-6924

FILED WITH
JUN 22 2005
UNITED STATES
MAGISTRATE JUDGE
SAMUEL ALBA

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| UNITED STATES OF AMERICA, | : | Case No. A-05-196M |
|---|---|---|
| Plaintiff, | : | |
| | : | **COMPLAINT** |
| vs. | : | |
| | : | |
| | : | VIO: 18 U.S.C. § 2422(b), |
| CHARLES LAMAR NESS | : | [Coercion and Enticement For Illegal |
| Defendant. | : | Sexual Activity]; 18 U.S.C. § 2425; [Use of interstate facilities to transmit information about a minor] |
| | : | |

Before Honorable Samuel Alba, United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

COUNT I
(18 U.S.C. § 2422(b))

On June 17, 2005 in the Northern Division of the District of Utah,

CHARLES LAMAR NESS,

the defendant herein, did knowingly and intentionally, by means of a facility of interstate

1

commerce, persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which a person can be charged with a criminal offense, or attempted to so persuade, induce, entice, and coerce; all violation of Title 18, United States Code, Section 2422(b).

## STATEMENT OF FACTS

I, Sergeant Von Steenblik, being duly sworn, hereby depose and state as follows:

1. I am an officer with the Centerville Police Department, I have been so employed for 19 years.

2. I have taken many training courses related to sexual abuse. I have investigated sexual abuses cases for the last twelve years.

3. This affidavit is made in support of a criminal complaint charging CHARLES LAMAR NESS with attempting to persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to engage in sexual activity. It is also made in support of a search warrant for a gray Sony laptop computer recovered from Ness' hotel room, and a Verizon cell phone recovered from the Ness' person.

4. The information set forth below has come from either personal investigation or has been related to me personally by other law enforcement officers associated with this investigation.

5. At approximately, 10:10 p.m., on June 17, 2005, Officer Zan Robison of the Centerville Police Department observed a black car parked behind a dumpster at the

Jenny P. Stewart Elementary School in Centerville. Because school was not in session, and due to the late hour, Officer Robison stopped and looked into the vehicle. He observed no one inside the vehicle. He then decided to check the school to make sure it was secure. As he walked to the rear of the school he observed an individual playing with two dogs. As he headed back to his patrol car he observed two males in the bushes on the south side of the school. The bushes were 6-7 feet tall. The two males appeared to be placing items into their pockets.

6. Officer Robison advised the individuals to step out of the bushes and keep their hands out of their pockets. Twice the two males put their hands back into their pockets counter of Officer Robison's requests. Officer Robison then advised them he was going to conduct a pat-down search weapons. At this point, Officer Allen Ackerson of the Centerville Police Department arrived.

7. The first male, child A, identified himself as 16 year old, though his age was later confirmed to be 15. The second male provided a driver's license indicating his name was Charles Lamar Ness and he was 31 years old. Officer Robison conducted a protective pat-down and felt bulky items in Ness' front pocket. Ness identified the item as a cell phone and granted permission for Officer Robison to remove the items all his pockets for safety. Officer's recovered a Verizon cell phone, two Trojan condoms in wrappers and a bottle of lubricant from Ness' pockets. Officer Robison also observed that Ness' pants zipper was still down.

8. Officer Allen Ackerson arrived on the scene and spoke with Child A. Child A indicated he met Ness on the Internet that evening and they had arranged to meet for the purpose of sexual activity and exploring sexual activity together. Child A initial denied any sexual activity occurred, but then admitted to a sexual encounter.

9. Sergeant Spencer mirandized Ness and questioned him at the school. Ness indicated he made plans to meet Child A at the location in Centerville on the Internet. Ness indicated he had also been in phone contact with Child A and made arrangements to meet him at the Centerville location. He stated his intent was to have a sexual encounter with Child A. At that point Ness indicated he didn't know whether or not he wanted to invoke his right to an attorney. Ness was placed under arrest and taken to the Centerville Police Station. At that time, Ness did not indicate whether he intended to invoke his right to counsel.

10. Ness consented to a search of his vehicle, and two additional condoms were found in the center counsel. Maps were also located inside the car. One map was a Rand McNally map, two maps were printed off a computer and displayed areas around Salt Lake City. A final map was a detailed road map of Salt Lake City and surrounding areas. Ness also consented to a search of his hotel room in West Valley where he was staying for a business meeting. Ness indicated he was here from Pennsylvania on business for one week.

11. Sergeant Steenblik interviewed Child A at the Centerville Police Station. Child

4

A admitted he had chatted with Ness on the Internet in a Salt Lake City chatroom. Ness told him in the chat he was a 28 year old male in Salt Lake City. Child A stated in the chat he was 16 years old. Child A believed he indicated in the chat he was "probably too young" for Ness, and he remembered Ness responded during the chat, "I don't care." He stated that he and Ness had arranged in their chat to have a sexual encounter in Centerville. Child A then stated that he believed the screen name of the individual he chatted with to meet in Centerville for sexual purposes started with "WTFme" and the some "numbers."

In the interview with Sergeant Steenblik at the station, Child A indicated a sexual encounter occurred. Child A told Sergeant Steenblik at some point he did not want to continue the act. Child A stated at this point he saw the officer. Child A said he did not learn that Ness was from Pennsylvania until he heard him tell the officer he was from out of town. Child A said his internet connection was AOL, and provided the officers his screen name.

12. Ness had provided the officers with the key to his hotel room when he consented to the search of the hotel. Officers recovered a gray Sony laptop computer from Ness' room. They also observed on the bed a phone book open to a map of the Centerville area.

13. On June 18, 2005, Sergeant Steenblik interviewed Ness at the Davis County Jail. Sergeant Steenblik advised Ness of his Miranda rights and asked if he would speak

to him. Ness again indicated he was unsure. Sergeant Steenblik further explained he intended to speak with him about the incident with the 15 year old at the school and he could decide which questions he wanted to answer. Ness then agreed to speak with Sergeant Steenblik.

Ness stated he was in Utah on business to purchase a franchise. He stated he had been in Utah since Sunday, June 12 and had stayed at the same hotel during that week. His plans were to stay at the hotel until June 23, 2005. Sargeant Steenblik also informed Ness of law enforcement's intent to review the laptop recovered in his room for evidence of the chats that had taken place between him and Child A.

Ness then asked how soon an attorney could be at the jail. Sergeant Steenblik told him an attorney could be appointed when he was in court on Monday. He again agreed to speak without an attorney. Sergeant Steenblik specifically asked again if he wanted an attorney and he indicated no.

Ness stated he met Child A on the Internet in a chatroom and they made arrangements to meet in Centerville for purposes of sexual activity during the chat. He drove to the school from West Valley. When he arrived at the school Ness indicated they talked and began to discuss what they wanted to do with each other. Ness said that after talking a sexual encounter occurred. Shortly after this incident the officer arrived. Ness again indicated he was not sure he wanted to bail out of jail.

14. I am aware that AOL messages sent between two individuals within the state

of Utah are sent outside the state of Utah then re-sent into the state of Utah.

15. The defendant, Charles Ness, met 15 year-old Child A, in Centerville, Utah, for purpose of conducting illegal sexual behavior. Your affiant submits there is probable cause to believe that Ness, violated Title 18 U.S.C. § 2422(b), coercion and Enticement For Illegal Sexual Activity.

_____
Sergeant Von Steenblik
Centerville Police Department


SUBSCRIBED AN SWORN TO BEFORE ME THIS 22 DAY OF JUNE, 2005.

_____
Hon. Samuel Alba
United States Magistrate Judge


APPROVED: PAUL WARNER

_____
KARIN FOJTIK
Assistant United States Attorney